UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JERMAINE HEZEKIAH SHAW,

        Petitioner,                      Case No. 2:21-cv-107

v.                                            Honorable Paul L. Maloney

CONNIE HORTON,

        Respondent.
_____/

**ORDER**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The Court conducted a preliminary review of the petition under Rule 4 of the Rules Governing § 2254 Cases. The Court concluded that Petitioner had failed to timely file his petition, but allowed Petitioner 28 days to show cause why his petition should not be dismissed as untimely. (Op. and Order, ECF Nos. 2, 3.) Petitioner responded on June 9, 2021. (ECF No. 4.)

        Petitioner offers no explanation for why he did not timely file his petition. Instead, he insists he is not required to comply with the timeliness requirements set forth in 28 U.S.C. § 2244. For all of the reasons set forth in the Court's prior opinion, Petitioner is simply wrong. There is no claim that any extraordinary circumstance prevented Petitioner from filing and his conduct cannot be described as diligent.

        Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012)

("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Accordingly, based on the petition, and now Petitioner's attempt to show cause for the untimeliness of his petition, Petitioner is not entitled to equitable tolling of the statute of limitations. Moreover, as set forth in the Court's prior opinion, Petitioner has not demonstrated actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995), to avoid the statute of limitations bar.

Petitioner has failed to show cause to excuse the tardy filing of his habeas petition. Therefore, the Court will enter judgment dismissing the petition with prejudice.

The Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

2

Reasonable jurists could not find it debatable whether Petitioner's application was timely.  Therefore, a certificate of appealability will be denied.  Moreover, for the same reasons, the Court concludes that any issue Petitioner might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Accordingly,

**IT IS ORDERED** that a certificate of appealability is **DENIED**.

Dated:  June 15, 2021                                  /s/ Paul L. Maloney
                                                                  Paul L. Maloney
                                                                  United States District Judge